Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM LAMAN, as an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>LONELY PLANET GLOBAL, INC., a Delaware Corporation; VIATOR, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF 17 USC 1202**<br><br>**Jury Trial Demanded** |

  Plaintiff Tim Laman, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

  1. This action arises under the Copyright Act of 1976.

  2. This court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

**PARTIES**

4.      Plaintiff is an individual residing in New York, New York.

5.      Plaintiff is informed and believes and thereon alleges that Defendant LONELY PLANET GLOBAL, INC. is a corporation organized in the state of Delaware, and does business in and with the State of California, with an office located at 1260 North West Street, Wilson, Wyoming 83014.

6.      Plaintiff is informed and believes and thereon alleges that Defendant VIATOR, INC. is a limited liability company organized in the state of Delaware and does business in and with the State of California, with an office located at 360 3rd Street, Suite 400, San Francisco, California 94017.

7.      Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.      Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full

knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

9.      Plaintiff Tim Laman is an accomplished and critically acclaimed field biologist and wildlife photojournalist. He is a contributing photographer for National Geographic magazine, and films for the BBC Natural History Unit and Cornell Lab of Ornithology. He is an Associate of Harvard University's Museum of Comparative Zoology, A Fellow of the Explorer's Club, a founding member of the International League of Conservation Photographers, and co-founder of Cornell Lab or Ornithology's Birds-of-Paradise Project. He has won numerous awards, including the North American Nature Photography Association - Nature Photographer of the Year 2009, Nature's Best Photography Awards, and Wildlife Photographer of the Year.

10.     Plaintiff created and exclusively owns the photography depicted in **Exhibit A** attached hereto. This work will be called the "Subject Photography" herein.

11.     Plaintiff has registered the Subject Photography with the United States Copyright Office.

12.     Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Infringing Content for financial benefit and without Plaintiff's consent. Certain examples of the foregoing can be seen in the screen captures and or URLs depicted in **Exhibit B** hereto. Said material will be referred to as "Infringing Content" herein.

13.     On information and belief it is alleged that Defendant VIATOR, INC. purported to license or otherwise transfer rights in the Subject Photography to one or more Defendants and did so with knowledge that it lacked the rights to do so.

14.    Plaintiff did not consent to the aforementioned use of the Subject Photography.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

15.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

16.    Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also show access.

17.    Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography to one another and/or online. Certain examples of the foregoing can be seen in the screen captures attached hereto as **Exhibit B**.

18.    Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

19.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photography in an amount to be established at trial.

21.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/Contributory Copyright Infringement – Against all Defendants, and Each)

22.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

23.     Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

24.     Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

25.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

26.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

27.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

28.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29.     The Subject Photography were routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author,

30.     Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

31.     Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography on website(s), including but not limited those sites reflected in **Exhibit B** hereto bearing its own name, and/or the name "*Viator*" and removing Plaintiff's attribution information, including without limitation his name.

32.     The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

33.     When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a.     That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication owned, operated, or controlled by any Defendant.

b.     That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the

exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c.     That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.     That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

d.     That Plaintiff be awarded his costs and fees;

e.     That Plaintiff be awarded statutory and enhanced damages;

f.     That Plaintiff be awarded pre-judgment interest as allowed by law; and

h.     That Plaintiff be awarded further legal and equitable relief as deemed proper.

     **Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

                                        Respectfully submitted,


Dated: February 1, 2021          By: _____
                                        Scott Alan Burroughs, Esq.
                                        Justin M. Gomes, Esq.
                                        DONIGER / BURROUGHS
                                        Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

**SUBJECT PHOTOGRAPHY**



1

## **Exhibit B**

2

| INFRINGING CONTENT |
|---|

3



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

